# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANZA K. HADD, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA LIFE INSURANCE COMPANY, )<br>)<br>       Defendant. )<br>_____ ) | Case No. 17-2533-JAR-KGG |

## MEMORANDUM & ORDER ON MOTION FOR DISCOVERY

NOW BEFORE THE COURT is Plaintiff's Motion for Discovery. (Doc. 15.) After review of Plaintiff's motion, as well as the affidavit and Complaint, the Court **DENIES** the motion.

## BACKGROUND

This action is brought pursuant to the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Plaintiff contends that Defendant violated her ERISA rights in its denial of her claim for long-term disability benefits ("LTD"). She summarizes her case as follows:

> Due to her disabling conditions plaintiff became physically unable to work, and went on short-term disability on April 8, 2013, and those benefits were paid by Aetna until on or about October 3, 2013. At the instruction of Aetna, plaintiff applied for Social Security

1

> disability benefits, and she was found to be totally and permanently disabled by the Social Security Administration on or about June 25, 2015, with an on-set date of disability of April 2013. Plaintiff submitted a claim for LTD benefits on or about September of 2013, and those LTD benefits were paid from October 2013 until October 6, 2015. However, Aetna terminated plaintiff's LTD claim by letter dated September 28, 2015, based on Aetna's assessment that plaintiff was no longer disabled under their rules.
>
> Plaintiff filed her federal ERISA complaint on September 14, 2017, alleging that Aetna's decision was arbitrary and capricious, and that Aetna not only had issued the policy in question, but was also charged with administering the Plan, thus having a conflict of interest. Plaintiff's complaint requested that due to such a conflict of interest the plaintiff's LTD, and other irregularities in its review of plaintiff's LTD claim, that her federal case should fall under a *de novo* standard of review. Upon information and belief, plaintiff contends that individuals employed by Aetna contacted plaintiff's treating rheumatologist, Dr. Julian Magadan, by phone in 2015 and again in 2016, and made repeated efforts to have him change his opinion that plaintiff was totally and permanently disabled. Again, upon information and belief, the agents of Aetna . . . made so many phone calls to Dr. Magadan causing him to believe that they were harassing him because he would not change his opinion on plaintiff's total disability.

(Doc. 15, at 2-3.)

Plaintiff brings the present motion seeking permission to depose Dr. Magadan and two other physicians. (*Id.*, at 3.) She also requests leave to submit various Interrogatories and Requests for Production to Defendant. (*Id.*, at 3-5.)

## **ANALYSIS**

2

The standard by which a court reviews the decision of the claims administrator is relevant in determining whether to allow discovery in a case alleging denial of benefits under ERISA.  The Supreme Court has determined that a court must use a *de novo* standard of review when a denial of benefits is challenged under § 1132(a)(1)(B) of ERISA "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  **Firestone Tire & Rubber Co. v. Bruch**, 489 U.S. 101, 115 (1989).  "When the plan gives the administrator discretionary authority, the Court applies an arbitrary and capricious standard of review."  **Jaremko v. ERISA Admin. Comm.**, No. 10-1137-RDR, 2011 WL 42991, at *1 (D. Kan. Jan. 2011) (citation omitted).

As stated above, Plaintiff's Complaint alleges that Defendant's decision "was arbitrary and capricious" and that by both issuing and administering the plan in question, Defendant had a conflict of interest.  (Doc. 15, at 2.)  As such, Plaintiff argues a *de novo* standard of review applies, thus entitling her to conduct discovery regarding Defendant's "inherent conflict of interest . . . [and] efforts to improperly influence" her treating physician Dr. Magadan.  (*Id.*, at 2-3.)

Defendant responds that Plaintiff has failed to adequately explain the application of the *de novo* standard of review and fails to "explain why conflict discovery (or any other discovery) is relevant or necessary to her specific claim."

(Doc. 21-1, sealed, at 2.) As discussed below, regardless of the standard of review applied, the Court agrees with Defendant that Plaintiff's motion fails to meet her burden to establish why discovery supplementing the administrative record should be allowed.

It is well-established in this District that courts have broad discretion over the control of discovery. *S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Even so, in ERISA cases,

> [i]n exercising its discretion over discovery matters under Rule 26(b), district courts will often need to account for several factors that will militate against broad discovery. First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims. *See Jewell*, 508 F.3d at 1308 (noting ERISA's "goal of prompt resolution of claims by the fiduciary") (quotation omitted). And while discovery may, at times, be necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict, Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *See* Fed.R.Civ.P. 26(b) & (b)(2); *see also Crawford–El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

*Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

Further, the burden of showing the necessity of the requested discovery is on the party moving to supplement the record. *Hall v. UNUM Life Ins. Co.*, 300 F.3d

1197, 1203 (10th Cir. 2002) (holding that where the district court reviews an administrator's decision *de novo*, "[t]he party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's *de novo* review"). The **Hall** court "emphasize[d] that it is the unusual case in which the district court should allow supplementation of the record." *Id*.

    Defendant argues that Plaintiff

> has not showed [sic] the 'propriety' of the requested discovery as she has nowhere alleged that the administrative record is deficient. In contrast, the proposed discovery included in Plaintiff's Motion demonstrates that she has not bothered to even review the administrative record provided to her counsel on January 24, 2018[,] as the majority of the information she seeks is contained therein.

(Doc. 21-1, sealed, at 7.) As an example, Defendant refers to Plaintiff's proposed discovery requests "regarding the identity of those individuals who attempted to speak with Dr. Magadan in 2015 and 2016 and notes regarding conversations" with him. (*Id*. (citing Doc. 15, at 3-5).) Defendant points out that "[c]onsistent with the ERISA's claim regulations, all such individuals and communications are contained in the administrative record claim notes and documents." (*Id*., at 7-8.)

    Defendant also argues that Plaintiff has failed to demonstrate the need for the requested depositions of three physicians. Plaintiff's motion does not

specifically argue why the depositions are necessary, but instead obliquely refers to Defendant's "efforts to improperly influence Dr. Magadan." (Doc. 15, at 3.) Plaintiff's motion fails to address or establish how the information contained in the administrative record is insufficient in this regard.

Plaintiff's motion infers that discovery regarding a potential conflict of interest should automatically be allowed because Defendant is both the provider and administrator of the plan. The law does not support this. Rather,

> the benefit of allowing detailed discovery related to the administrator's financial interest in the claim will often be outweighed by its burdens and costs because the inherent dual role conflict makes that financial interest obvious or the substantive evidence supporting denial of a claim is so one-sided that the result would not change even giving full weight to the alleged conflict. Similarly, a district court may be able to evaluate the effect of a conflict of interest on an administrator by examining the thoroughness of the administrator's review, which can be evaluated based on the administrative record. And, without further discovery, a district court may allocate significant weight to a conflict of interest where the record reveals a lack of thoroughness.

*Murphy*, 619 F.3d at 1163-64.

In the matter before the Court, Plaintiff's claims of improper influence are supported only by her self-serving and conclusory reliance on "information and belief" that Dr. Magadan was harassed into changing his opinion. (Doc. 15, at 2-3.) She contends that "upon information and belief, the agents of [Defendant], including Dr. Timothy Craven and Dr. Evelyn Balogun, made so many phone calls

6

to Dr. Magadan causing him to believe that they were harassing him because he would not change his opinion on plaintiff's total disability." (*Id*., at 3.) Defendant replies, however, that

> [a]ll communications with Dr. Magadan are documented in the administrative record and can be reviewed without the need for discovery. Discrediting Plaintiff's argument of 'improper influence,' Dr. Magadan's conflicting opinions are clearly referenced in the administrative record and discussed at length by the reviewing physicians. There is no basis for her request to go beyond the administrative record evidence and conduct three discovery depositions and propound written discovery to address common claims handling practices – all of which are documented in the administrative record.

(Doc. 21-1, sealed, at 2.)

Further, the record clearly establishes that Dr. Craven's left only two voice mail messages for Dr. Magadan, resulting in one telephone call. (Doc. 21-3, at 001971; Doc. 21-5, at 000219, 222.) Dr. Balogun also had only one telephone conference with Dr. Magadan after attempting to contact him at his former employer. (Doc. 21-7, at 001436-37; Doc. 21-6, at 000551.) The Court fails to see how this constitutes "so many phone calls" that the recipient would feel harassed. Plaintiff's claims of improper influence are unsupported by evidence. Plaintiff's assertions based upon "information and belief" are insufficient to support a broad expansion of discovery beyond the administrative record, particularly where Plaintiff's assertions are disproven by the record itself.

7

In her reply brief, Plaintiff argues that deposition testimony of Dr. Magadan is necessary to "test the accuracy" of documentation of these conversations in the administrative record.  (Doc. 26, at 7-8.)  Plaintiff fails, however, to differentiate this documentation from notes that would be contained in the administrative records of virtually every other ERISA case pending in federal courts – the vast majority of which would not allow such depositions.  "Testing the accuracy" of documentation in the administrative record is, without more, an insufficient basis to allow discovery in this case.  To find otherwise would open the door for discovery in virtually all ERISA cases, thwarting the Act's goal of ensuring speedy, inexpensive, and efficient resolution of such claims.

Plaintiff also seeks discovery regarding Defendant's affirmative defenses. (Doc. 15, at 4-5.)  Her initial motion is devoid of any discussion as to why or how this discovery is appropriate.  Defendant argues that the discovery requests should be denied "[o]n this basis alone . . . ."  (Doc. 21-1, sealed, at 15.)  The Court agrees.  It is clearly established in this District that arguments raised for the first time in a reply brief are waived.  *M.D. Mark, Inc. v. Kerr-McGee Corp*., 565 F.3d 753, 768 n.7 (10th Cir. 2009).

Simply stated, Plaintiff's motion wholly fails to meet the burden to establish why the requested discovery is necessary or how the administrative record is deficient.  As such, Plaintiff's Motion for Discovery (Doc. 15) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Discovery (Doc. 15) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 22nd day of August, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
